NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN SCOTT, | |
| Plaintiff, | |
| v. | Civil Action No. 17-0963-BRM-TJB |
| ESTES EXPRESS LINES, INC., | **OPINION** |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff John Scott's ("Plaintiff") Motion to Remand this action to the Superior Court of New Jersey, Law Division, Ocean County. (ECF No. 7.) Defendant Estes Express Lines, Inc. ("Defendant") opposes the motion. (ECF No. 9.) Pursuant to Federal Rule of Civil Procedure 78(b), this Court did not hear oral argument. For the reasons set forth herein, Plaintiff's Motion to Remand is **DENIED**.

## I. BACKGROUND

On December 15, 2016, Plaintiff filed a complaint in the Superior Court of New Jersey, Ocean County, alleging Defendant is liable for violations of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.* (the "NJLAD"), and violations of the New Jersey's Conscientious Employee Protection Act, N.J.S.A. § 34:19-1. (Compl. (ECF No. 1-1).) Plaintiff resides in Toms River, New Jersey, and was employed by Defendant as a "pick-up and delivery driver at the Lakewood, New Jersey terminal." (ECF No. 1-1 ¶ 2 and Answer (ECF No. 4) ¶ 4.) Defendant is a "trucking company engaged in the transportation of freight and related services

to the public and private sectors." (*Id.* ¶ 3.) It operates trucking terminals in South Plainfield, Lakewood, and Pinebrook, New Jersey. (*Id.*)

On February 13, 2017, Defendant removed the action to this Court. (Not. of Removal (ECF No. 1).) On February 24, 2017, Plaintiff filed a Motion to Remand this matter back to the Superior Court of New Jersey, Ocean County, challenging this Court's jurisdiction. (ECF No. 7.) Defendant opposes the Motion. (ECF No. 9.)

## II.    LEGAL STANDARD

A notice of removal of a civil action must be filed by a defendant within thirty (30) days of receiving the complaint. 28 U.S.C. § 1446(b)(1). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within thirty [(30)] days after receipt by Defendants . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. *Id.* § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment," *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*,

357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396-403. Additionally, when a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

### III. DECISION

Plaintiff challenges removal based on lack of subject matter jurisdiction, not on a defect in the removal process. The parties do not dispute that Plaintiff's claims satisfy the amount in controversy requirement.[1] Plaintiff challenges only the citizenship of Defendant, contending it, like Plaintiff, is a citizen of New Jersey.

"For the purposes of [28 U.S.C. §§ 1332 and 1441], a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court adopted a "nerve center" test to identify a corporation's principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). In *Hertz*, the Supreme Court held a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92–93. The Court went on to state, "in practice it should normally be the place where the corporation maintains its headquarters—provided that the

---

[1] "In determining whether the amount in controversy reaches the threshold of $75,000.00, the court generally accepts the plaintiff's good faith allegations." *McCollum v. State Farm Ins. Co.*, 376 F. App'x 217, 220 (3d Cir. 2010) (citing *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995)). "A case may be dismissed for failure to meet the amount in controversy requirement only if it appears to a 'legal certainty' that the claim is for less than the jurisdictional amount." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999)).

3

headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93; *see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337 (3d Cir. 2013).

In support of its Motion, Plaintiff argues Defendant: (1) conducts business in New Jersey, with physical terminals serving four New Jersey locations; (2) is seeking to hire individuals for managerial and executive assistant positions in those New Jersey physical terminal locations; and (3) has a subsidiary company, Estes Forwarding Worldwide, LLC ("EFW"), which maintains a regional corporate office in New Jersey. (ECF No. 7-2 at 3.)

In opposition, Defendant submits a declaration from Tracy Hughes ("Hughes"). (ECF No. 9-1.) Hughes is currently employed by Defendant as a Senior Director of Compliance and Employee Relations. (*Id.* ¶ 2.) Hughes certified Defendant's "corporate office, headquarters, and principal place of business is located in Richmond, Virginia" and Defendant's officers are based at the Richmond office. (*Id.* ¶¶ 3-4.) She further affirmed:

> 5. [Defendant's] corporate office houses the company's human resources, safety, payroll, operations, administrative, fleet services, marketing, accounting, customer service, and information technology departments, as well as line haul trucking central dispatch.
>
> 6. From the corporate office, [Defendant's] senior management directs, controls and coordinates [Defendant's] corporate activities and establishes and implements [Defendant's] overall corporate policies and business strategies for the entire company. All company-wide decisions are made and effected from the corporate office.

(*Id.* ¶¶ 5-6.)

The Court finds Hughes sworn declaration demonstrates Defendant's "nerve center" is located in its corporate office/headquarters in Richmond, Virginia. *See Hertz Corp.*, 559 U.S. at 93 (finding "[a] corporation's 'nerve center,' [is] usually its main headquarters"). Hughes's declaration establishes that all major strategic decisions (corporate policies and business strategies) for Defendant and most major corporate functions (human resources, accounting, payroll, and marketing) are managed out of Richmond, Virginia, not New Jersey.

While Plaintiff raises valid concerns as to Defendant's citizenship, only one state may constitute a corporation's principal place of business. *See Hertz Corp.*, 559 U.S. at 93 (finding "[a] corporation's 'nerve center' . . . is a single place"). Indeed, Defendant operates 152 trucking terminals located in thirty-seven (37) states in the United States, identical to the four it operates in New Jersey, and has various subsidiaries,[2] whereas Defendant's nerve center is Richmond, Virginia. (*See* ECF No. 9-1 ¶¶ 7-8.) Plaintiff's allegations to the contrary, are insufficient to undermine Hughes's declaration. *See Maignan v. Precision Autoworks*, No. 13-3735, 2014 WL 201857, at *3 (D.N.J. Jan. 15, 2014) (finding that plaintiff's allegations contained solely within its briefing were unable to challenge the sworn statements in defendant's declaration establishing that defendant's center of direction, control and coordination was in Pennsylvania, not New Jersey); *Harris v. Bristol-Myers Squibb Co.*, No. 11-6004, 2012 WL 1243260, at *2 (D.N.J. Apr. 12, 2012) (finding removal to federal court in New Jersey appropriate where defendant's general counsel certified its headquarters was in New York, listed its New York

---

[2] Hughes's declaration certifies that EFW's corporate office and principal place of business is also Richmond, Virginia. Specifically, she affirms EFW's management team directs its business activities and strategies out of the Richmond, Virginia office. (ECF No. 9-1 ¶ 8 and ECF No. 9 at 8.) Therefore, Plaintiff's argument that Defendant's subsidiary obtains "a regional corporate office in New Jersey" is meritless. (*See* ECF No. 7-2 at 3.)

address on all regulatory filings with the SEC, defendant's CEO kept his primary office in New York, other members of defendant's senior leadership kept primary offices in New York, the board of directors met in new York, and defendant maintained its books and records in New York). Therefore, the Court finds Defendant's principal place of business and nerve center is Richmond, Virginia. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 7) is **DENIED**.

**Date:** September 26, 2017          */s/ Brian R. Martinotti*_____
                                     **HON. BRIAN R. MARTINOTTI**
                                     **UNITED STATES DISTRICT JUDGE**